DECISION AND JOURNAL ENTRY
Appellant-defendant Kevin E. Carte appeals the judgment of the Summit County Court of Common Pleas sentencing him to five years of incarceration. This Court affirms in part, reverses in part, vacates the sentence and remands for resentencing.
On April 19, 1999, Carte pled guilty to amended charges of one count of sexual battery, a third degree felony in violation of R.C. 2907.03, and one count of corruption of a minor, a fourth degree felony in violation of R.C. 2907.04. The trial court merged the counts and sentenced Carte to the maximum of five years incarceration for sexual battery.
Carte timely appeals, asserting one assignment of error.
 ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN IMPOSING MORE THAN THE MINIMUM SENTENCE PROVIDED BY LAW WITHOUT MAKING EITHER OF THE SPECIFIC FINDINGS REQUIRED BY R.C.2929.14(B), AND IN IMPOSING THE MAXIMUM POSSIBLE SENTENCE WITHOUT MAKING FINDINGS THAT EXPLAINED ITS REASONS FOR IMPOSING SUCH SENTENCE.
 In his sole assignment of error, Carte argues that the trial court erred in imposing more than the minimum sentence authorized for a third degree felony, and in sentencing him to the maximum allowable time without giving reasons.
 R.C. 2929.11 provides that in making a sentencing determination, a trial court must consider the overriding purposes of the felony sentencing laws, i.e. to protect the public and punish the offender. R.C. 2929.12 then mandates that the court consider various seriousness and recidivism factors and make any applicable findings. Thereafter, in the event that the court concludes that a prison term is an appropriate punishment, the court must then turn to R.C. 2929.14 to determine the length of the sentence. When sentencing an offender on a third degree felony, a trial court may impose a prison term ranging from one to five years. See 2929.14 (A)(3).
 Carte contends that the trial court failed to comply with R.C. 2929.14(B), and, therefore, erred in sentencing him to more than the minimum allowable sentence. This Court disagrees.
Unless a court imposes the shortest term authorized on a felony offender who has never served a prison term, the record of the sentencing hearing must reflect that the court found that either "the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." R.C. 2929.14(B). A court is not required to "give its reasons for its finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes before it can lawfully impose more than the minimum authorized sentence." State v. Edmonson (1999), 86 Ohio St.3d 324, 326.
This Court finds Carte's assertion to be without merit. Although the trial court did not explicitly state that it "considered the factors under R.C. 2929.14(B)," there is confirmation that the court first considered imposing the minimum sentence and then decided to depart from the statutorily mandated minimum based on one of the two authorized reasons; the trial court found that "any sentence less than the sentence imposed diminishes the offense and its importance in our society."
 Carte also avers that the trial court erred in imposing the maximum sentence because the sentencing decision fails to meet the statutory requirements. This Court agrees.
A trial court is prohibited from imposing a maximum sentence for a single offense unless the court sets forth findings on the record that give the court's reasons for imposing the maximum.Edmonson, supra at 329. R.C. 2929.14(C) permits a trial court "to impose the maximum prison term authorized for [a felony] * * * only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders * * *, and upon certain repeat violent offenders * * *."
 In the instant case, the trial court failed to set forth findings and reasons for imposing the maximum sentence. Accordingly, because the trial court failed to comply with R.C. 2929.14(C) and 2929.19(B)(2)(d) in imposing the maximum sentence for a third degree felony, this Court is mandated to vacate Carte's sentence and remand it to the trial court for resentencing. R.C. 2953.08(G)(1). See, also, State v. Linton (Sept. 29, 1999), Summit App. No. 19170, unreported.
 The judgment of the Summit County Court of Common Pleas is reversed and the cause is remanded for resentencing in compliance with Edmonson.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed equally to both parties.
Exceptions.
 BATCHELDER, P.J., SLABY, J. and CONCUR. ______________ DONNA J. CARR